# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 09-cr-0246 |
| | ) | 02: 11-cv-1220 |
| FREDDIE LAMONT CLECKLEY | ) | |

## MEMORANDUM OPINION AND ORDER

February 14, 2012

Presently before the Court for disposition is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (*Document No. 51*), the MOTION TO DISMISS MOTION TO VACATE (*Document No. 58*), the MOTION FOR EXTENSION OF TIME TO FILE NEW MOTION TO VACATE SENTENCE (*Document No. 59*) filed *pro se* by Petitioner / Defendant Freddie Lamont Cleckley ("Cleckley") and the RESPONSE in opposition filed by the government (*Document No. 61*). For the reasons discussed below, the Court will deny the § 2255 motion without holding an evidentiary hearing.

The relief sought under 28 U.S.C. § 2255 is reserved for extraordinary circumstances. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993). Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Although § 2255 includes a provision for a prompt evidentiary hearing, a federal court may deny a § 2255 motion without holding an evidentiary hearing if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. Such is the case in this instance.

**Procedural and Factual Background**

The parties and the Court are familiar with the extensive background facts of Cleckley's criminal prosecution, conviction, and sentence. Therefore, the Court will not detail the facts again. However, the following is a brief recitation of the procedural facts salient to the issues presently pending before the Court.

On August 5, 2009, a federal grand jury in the Western District of Pennsylvania returned a three-count indictment in which Cleckley was charged at Count One with Possession with Intent to Distribute 5 Grams or More of Cocaine Base in the Form Commonly Known as Crack, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii); at Count Two with Possession of A Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and at Count Three with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1).

On October 30, 2009, Defendant, with counsel, appeared at an arraignment and pled Not Guilty to the charges. At that time, Defendant also waived his detention hearing and

wavied the Interstate Agreement on Detainers Act. He was returned to Western Penitentiary to continue serving his state sentence for a parole violation.

Through counsel, Cleckley filed a number of pretrial motions, including (i) a motion to produce the cocaine for examination, (ii) a motion in limine to compel disclosure of uncharged misconduct evidence, (iii) a motion for release of Brady materials and (iv) a motion for production of Jencks material. By Memorandum Order of December 9, 2009, the Court ordered the government to provide the cocaine for testing and provide the firearm for fingerprinting.

On April 23, 2010, Defendant, with counsel, appeared before the Court and pled guilty to Counts One, Two, and Three of the Indictment. There was no plea agreement between the parties.

On July 20, 2010, a Presentence Investigation Report ("PSI") was prepared by the Probation Office. Due to Cleckley's Career Offender Status, pursuant to USSG § 4B1.1, his Base Offense Level was determined to be 34, which was reduced by 3 levels for his acceptance of responsibility, which resulted in a Total Offense Level of 31. Cleckley's Criminal History Score was VI, based upon 16 criminal history points and the fact that he was considered a career offender.

On August 18, 2010, Cleckley, through counsel, made several objections to the PSI. First, Defendant argued that the Court should exercise its discretion to sentence him below the applicable sentencing Guidelines in light of the crack / powder cocaine differential in the Guidelines. The Court found this objection to be without merit as the crack / cocaine ratio

disparity did not affect Defendant's offense level calculations under the Career Offender guidelines.

Next, Defendant objected to the two-level enhancement he received for possession of a stolen firearm. According to Cleckley, he did not know that the firearm he possessed was stolen. Again, the Court rejected this objection on the basis that Defendant's offense calculations were subject to and controlled by the Career Offender guidelines and, therefore, the enhancement did not affect the calculations under the Career Offender guidelines.

Defendant's next two objections involved the calculations of his Criminal History Category. Although the Court agreed to reduce his Criminal History Score by one point, the reduction did not affect the calculations under the Career Offender guidelines because a career offender's criminal history category in every case is a Category VI, which represents a criminal history score of 13 or more.

Likewise, Defendant's objection to the three (3) points he was assessed pursuant to USSG 4A1.1(a) for his conviction for Driving Under the Influence was denied. The Court pointed out that assuming *arguendo* that the Court would find that three (3) points overrepresented the severity of that prior conviction, the calculations for Defendant's criminal history category would not change as § 4B1.1 specifically provides that "[a] career offender's criminal history in every case under this subsection shall be Category VI." *See* Tentative Findings and Rulings, Document No. 36.

Defendant was advised that as to Counts One and Three of the Indictment, he would be sentenced based on the Career Offender guidelines which resulted in a total offense level of 31 with a Criminal History Category of VI. The applicable advisory guideline term of

imprisonment range was 188 to 235 months. As to Count Two, the statute provides that Defendant shall be sentenced to no less than five (5) years to life imprisonment, with such sentence to be served consecutive to any other term of imprisonment imposed.

A sentencing hearing was conducted on August 27, 2010, at which time the Court adopted its Tentative Findings and Rulings. Cleckley was thereafter sentenced to a term of imprisonment of 248 months consisting of 188 months at Count One, a concurrent sentence of 120 months at Count Three, and a consecutive sentence of 60 months at Count Two, to be followed by supervised release for a term of five (5) years at Counts One and Two, and three (3) years at Count Three, with such terms to run concurrently. Judgment was entered that same day.

A Notice of Appeal was timely filed on August 27, 2010. On July 28, 2011, the United States District Court of Appeals for the Third Circuit issued its opinion in which it affirmed the district court. The Court of Appeals issued its mandate on August 22, 2011. The time for the filing of the petition for writ of certiorari expired ninety (90) days after the entry of the mandate filed by the Court of Appeals, or on or about October 26, 2011. *See Clay v. United States*, 537 U.S. 522 (2003). Cleckley did not file a petition for writ of certiorari. Accordingly, the judgment of conviction became final on or about August 22, 2011.

On September 22, 2011, Cleckley, *pro se* filed the instant Section 2255 motion in which he raises four ineffective assistance of counsel claims: (i) that his trial counsel was ineffective generally; (ii) that the court had a bias against him; (iii) that his trial counsel was ineffective for failing to raise issues of suppression on appeal; and (iv) that his trial counsel was

ineffective for failing to discuss with him the inclusion of matters of suppression in an appellate brief.

**Evidentiary Hearing**

Under 28 U.S.C. § 2255, a judge must determine whether to summarily dismiss the petition under Rule 4(b) of the Rules Governing § 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."), or to order an evidentiary hearing under Rule 8 of the Rules Governing § 2255 Proceedings.

A district court should hold an evidentiary hearing in section 2255 cases unless "the motion, files and records show conclusively that the movant is not entitled to relief." *United States v. Nahodil*, 36 F.3d 323 (3d Cir. 1994). In deciding whether to hold a hearing, a judge may draw upon personal knowledge and recollection of the events that occurred in his or her presence. *See Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1077 (3d Cir. 1985).

After reviewing the filings in this case, the complete record, and drawing upon the Court's personal knowledge and recollection of the events that occurred in its presence, the Court finds that an evidentiary hearing is not required because Cleckley has failed to raise any genuine issue of material fact. *See United States v. Essig*, 10 F.3d 968, 976 (3d Cir. 1993). Additionally, the files and records of the case conclusively establish that Cleckley is not entitled to relief. *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*,

410 F.3d 124, 131 (3d Cir. 2005). Therefore, the Court will proceed to the merits of the § 2255 motion.[1]

## Standard of Review

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel and exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwall*, 506 U.S. 364, 368 (1993) (*quoting Strickland v. Washington*, 466 U.S. 668, 684 (1984)).

The United States Supreme Court has formulated a two-part test for determining whether counsel rendered constitutionally ineffective assistance: (i) whether counsel's performance was unreasonable; and (ii) whether counsel's unreasonable performance actually prejudiced the defense. *Strickland,* 466 U.S. at 687. To determine whether counsel performed below the level expected from a reasonably competent attorney, it is necessary to judge counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. *Id.* at 690. A petitioner who claims that he or she was denied effective assistance of counsel carries the burden of proof. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The first prong of the *Strickland* test requires that a defendant establish that his attorney's representation fell below an objective standard of reasonableness by committing errors so serious that he or she was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

---

[1] "When a motion is made under § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

defendant must overcome the presumption that, under the totality of the circumstances, the challenged action "might be considered sound trial strategy." *Id*. at 689. The question is not whether the defense was free from errors of judgment, but whether counsel exercised the customary skill and knowledge that normally prevailed at the time and place. *Id.*

The second prong requires a defendant to demonstrate that counsel's errors deprived him of a fair trial and the result was unfair or unreliable. *Id*. To prove prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. *Id.*

The Court of Appeals for the Third Circuit has endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance prong "because this course of action is less burdensome to defense counsel." *United States v. McCoy*, 410 F.3d 124, 132 n.6 (3d Cir. 2005); *see Strickland*, 466 U.S. at 694 (stating that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so," the prejudice prong should be examined before the performance prong "to ensure that ineffectiveness claims do not become so burdensome to defense counsel that the entire criminal justice system suffers as a result").

Furthermore, the United States Supreme Court has determined that under the *Strickland* test, a reviewing court must "assess counsel's overall performance throughout the case to determine whether the 'identified acts or omissions' overcome the presumption that counsel rendered reasonable professional performance." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

**Discussion**

As this Court observed, the government had substantial evidence of Cleckley's guilt in this case, of which he and his counsel were well aware when he pled guilty to the charges contained in the Indictment. The Court will address Cleckley's claims seriatim.

The first argument raised by Cleckley is that his trial counsel was generally ineffective. Cleckley alleges that he "wrote Capone numerous letters for suppression, bond, fingerprints of gun, and I never owned a vehicle they said was registere[ed] to me for my Indictment." However, Cleckley fails to identify any specific situations where his trial counsel was not reasonably effective or any instance where his trial counsel's performance fell below an objective standard of reasonableness. Further, Cleckley has failed to demonstrate that his trial counsel's performance prejudiced him. Four (4) pretrial motions were filed on Cleckley's behalf by his trial counsel, which resulted in the government providing to the defense team the cocaine for testing and the firearm for fingerprinting. Accordingly, the Court finds and rules that Cleckley's claim is based on nothing more than utter speculation and this claim will be denied.

Next, Cleckley argues that the Court had a bias against him and made improper statements at sentencing that "somebody died" in the case of Cleckley's prior conviction. A review of the sentencing hearing transcript reflects that the Court was addressing Cleckley's history and characteristics, which were set forth at length in the Presentence Investigation Report. The Court stated as follows:

> Mr. Cleckley, unfortunately, you have a history of theft, drug distribution, and violence going back to your teens. . . . As an adult, you have been especially

> dangerous. You have two convictions for offenses that involve shooting other people and, in one instance, the victim apparently died.

Sentencing Transcript, Document No. 44 at 14-15.

Defendant has made no showing that there was any bias by this Court. The Probation Office had informed the Court that Cleckley had two convictions for offenses that involved him shooting others, of which one of the victim's died. In no way was the reference to the death of the victim evidence of bias by the Court. In fact, the sentence imposed by the Court demonstrates that the Court was not biased against Cleckley as he was sentenced on Counts One and Three at the bottom end of the applicable Guidelines range (188 to 235 months imprisonment). Accordingly, Cleckley's claim will be denied.

Cleckley's final two claims assert that his counsel was ineffective for failing to raise on appeal issues of suppression. The Court finds these arguments to be without merit as Cleckley has failed to identify any suppression issue(s) which he believes should have been raised on appeal and, further, does not discuss the merits of any alleged suppression issue(s). Accordingly, these claims likewise will be denied.

## Conclusion

For the reasons stated, the Court will dismiss Cleckley's motion without an evidentiary hearing. His unsupported allegations of ineffectiveness, without more, do not satisfy the standards set out in *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

## Certificate of Appealability

Upon the denial of a section 2255 motion by the district court, an appeal to the Court of Appeals is not permitted unless the petitioner obtains a certificate of appealability from "a circuit

justice or judge." 28 U.S.C. § 2253(c). "At the time a final order denying a petition under 28 U.S.C. § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue." United States Court of Appeals for the Third Circuit Local Appellate Rule 22.2. The application for such a certification should therefore be made to the district court in the first instance. *See United States v. Williams*, 158 F.3d 736, 742 n. 4 (3d Cir. 1998).

The law permits the issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to establish the denial of a constitutional right, the mere allegation of a constitutional wrong, such as deprivation of the rights to effective counsel, is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal. *Santana v. United States*, 98 F.3d 752, 757 (3d Cir. 1996). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds that reasonable jurists would not find this Court's assessment of Cleckley's claims debatable or wrong. Thus, the Court will not issue a certificate of appealability.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 09-cr-0246 |
| | ) | 02: 11-cv-1220 |
| FREDDIE LAMONT CLECKLEY | ) | |

## ORDER OF COURT

**AND NOW**, this 14th day of February, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed *pro se* by Petitioner Freddie Lamont Cleckley is **DISMISSED** and the relief requested therein is **DENIED**;

2. The Motion To Dismiss is **DENIED**;

3. The Motion to Amend is **DENIED** as futile; and

4. A certificate of appealability is not granted because Petitioner, Freddie Lamont Cleckley, has not made a substantial showing of the denial of a Constitutional right.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Almon S. Burke, Jr.,
Assistant U.S. Attorney
Email: Almon.Burke@usdoj.gov

Freddie Lamont Cleckley,
Register No. 30583-068
USP Atwater
U.S. Penitentiary
P.O. Box 0190001
Atwater, CA 95301