# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) 02:09-cr-0246 |
| FREDDIE LAMONT CLECKLEY | ) ) ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court is a MOTION FOR REDUCTION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(C)(2) AND DORSEY V. UNITED STATES, 132 S. CT. 2321 (2012) (ECF No. 74) filed *pro se* by Defendant, Freddie Lamont Cleckley, and the GOVERNMENT'S RESPONSE TO MOTION FOR REDUCTION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(C)(2) AND DORSEY V. UNITED STATES, 132 S. CT. 2321 (2012) (ECF No. 76).

### Background

On April 23, 2010, Freddie Lamont Cleckley ("Defendant") pled guilty to all counts of a three-count indictment, which charged him with possession with intent to distribute five or more grams of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii) ("Count One"); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18 United States Code, Section 924(c)(1)(A)(i) ("Count Two"); and possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) ("Count Three").

The Presentence Investigation Report ("PSI") prepared by the Probation Office indicated that Defendant had a base offense level of 24, which was increased by two levels because the

firearm possessed by Defendant was stolen and an additional four levels because Defendant possessed the firearm in connection with another felony. After the application of a three-point reduction for acceptance of responsibility, Defendant's adjusted offense level was 27.

However, because Defendant had two prior felony convictions, he qualified as a career offender under the Guidelines. *See* U.S.S.G. § 4B1.1. As calculated by the Probation Office in the PSI, Defendant's career offender level was 34, which was greater than the "offense level otherwise applicable" – *i.e.*, his crack cocaine offense level – and thus applied. *See* U.S.S.G. § 4B1.1(b) (explaining that if the career offender offense level "is greater than the offense level otherwise applicable, the offense level from the [career offender] table . . . shall apply"). The three-point adjustment for acceptance of responsibly was then re-applied, bringing Defendant's total offense level to 31.

Based on a total offense level of 31 and a criminal history category of VI, Defendant's Guidelines range was calculated to be 188 to 235 months' imprisonment. Pursuant to U.S.S.G. § 2K2.4, Application Note 2(A), the Guidelines sentence would be the minimum term required by the relevant statute, with the term of imprisonment imposed under that section to run consecutively with the five-year mandatory minimum applicable to Count Two. Had Defendant not qualified as a career offender, his Guidelines range would have been 130 to 162 months. *See id.* ch. 5, pt. (A) (sentencing table).

Defendant objected to the two-level enhancement for possession of a stolen firearm, contending that the Government could not prove that the firearm was stolen. Reasoning that "the [stolen firearm] enhancement . . . does not affect the calculation under the Career Offender Guidelines," the Court dismissed Defendant's argument. Tentative Findings and Rulings, at 4 (ECF No. 36 at 4). Notably, Defendant never objected to his career offender status. *See U.S. v.*

*Cleckley*, 440 Fed. Appx. 115, 116 (3d Cir. 2011) (unpublished) ("Cleckley did not object to his career offender status or his criminal history category.").

On August 27, 2010, the Court sentenced Defendant at the low end of the Guidelines to concurrent terms of 188 months at Count One and 120 months at Count Three. Additionally, Defendant was sentenced to the statutory mandatory term of 60 months' imprisonment at Count Two, with the term to run consecutively. The total term of imprisonment was 248 months.

Defendant appealed his sentence only with respect to the application of the stolen firearm enhancement. *See Cleckley*, 440 Fed. Appx. at 116. On appeal, the Third Circuit Court of Appeals affirmed this Court's judgment, holding that "[Defendant's] status as a career offender, and not the gun's status as a stolen firearm, controlled his sentence" and thus all of Defendant's arguments as to the stolen firearm enhancement lacked merit. *Id.* at 116-17.

Defendant thereafter filed a Motion Under 28 U.S.C. § 2555 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, utilizing a pre-printed AO243 form. (ECF. No. 64). In his motion, he alleged ineffective assistance of counsel on the following grounds: "(i) that his trial counsel was ineffective generally; (ii) that the court had a bias against him; (iii) that his trial counsel was ineffective for failing to raise issues of suppression on appeal; and (iv) that his trial counsel was ineffective for failing to discuss with him the inclusion of matters of suppression in an appellate brief." Mem. Op. and Order, at 6, Feb. 14, 2012 (ECF No. 63). The Court dismissed Defendant's motion as it was entirely unsubstantiated by the record. *Id.*

On July 1, 2013, Defendant, *pro se*, filed the instant motion, in which he requests a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that he is entitled to a reduction under 18 U.S.C. § 3582(c)(2) because his "sentencing range" was lowered by the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, § 2, 145 Stat. 2372, 2372 (2010).

## Discussion

Defendant's motion is based on 18 U.S.C. § 3582(c)(2), pursuant to which the Court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). As our appellate court has recently instructed, § 3582(c)(2) allows the Court to reduce a defendant's sentence only if two requirements are satisfied: "(1) the District Court sentenced the defendant 'based on' a guideline range that has been lowered by an amendment to the Guidelines and (2) the reduction is 'consistent with the applicable policy statements issued by the Sentencing Commission.'" *U.S. v. Barney*, 672 F.3d 228, 230 (3d Cir. 2012) (quoting 18 U.S.C. § 3582(c)(2)). The applicable policy statement provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant relies solely on the text of the FSA in support of his motion, and not on any of the specific amendments to the Guidelines promulgated thereunder. Congress enacted the FSA "[t]o restore fairness to Federal cocaine sentencing." *U.S. v. Dixon*, 648 F.3d 195, 197 (3d Cir. 2011) (internal quotation marks omitted). To that end, the FSA reduced the crack/powder ratio to 18:1 and altered the framework for imposing the mandatory minimum penalty for possession of crack cocaine. *Id.* As relevant here, the FSA also "changed the statutory maximums

4

associated with cocaine base convictions." *U.S. v. Reeves*, 717 F.3d 647, 650 (8th Cir. 2013). In particular, Defendant argues that the FSA reduced the statutory maximum applicable to Defendant from 40 years to 20 years because Defendant was not held accountable for 28 grams or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(C). Defendant argues that the FSA's lower statutory maximums should be applied to him retroactively because he was sentenced after the FSA's enactment, relying on *Dorsey v. United States*, ––U.S. ––, 132 S.Ct. 2321 (2012) (holding that provisions of FSA apply to a defendant sentenced its effective date). If this were to be done, Defendant asserts that his career offender offense level, and in turn his Guidelines range, would be lower because the career offender provision references statutory maximums in determining base offense levels. Thus, Defendant argues he is eligible for a reduction in sentence under § 3582(c)(2). For the reasons that follow, the Court cannot agree with Defendant's contentions.

First, the United States Court of Appeals for the Third Circuit has repeatedly held that § 3582(c)(2) offers no refuge for defendants whose sentences are computed based on the career offender guidelines and not the base offense level for crack cocaine offenses. *See, e.g.*, *U.S. v. Thompson*, 682 F.3d 285, 290-91 (3d Cir. 2012); *U.S. v. Wright*, 440 Fed. Appx. 156, 158 (2011); *U.S. v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009). These decisions foreclose Defendant's argument. As both this Court and the Court of Appeals have previously explained, *see Cleckley*, 440 Fed. Appx. at 116-17, Defendant's sentence was controlled by his status as a career offender, which rendered his crack cocaine base offense level immaterial, *see Thompson*, 682 F.3d at 287 (explaining that "Thompson's career offender offense level made his crack cocaine base offense level irrelevant"). Accordingly, because the sentencing range which applied to Defendant has not been amended, he is not entitled to relief under § 3582(c)(2).

Second, Defendant is not entitled to a reduction based on his argument that his offense level as a career offender was reduced by the FSA, as construed in *Dorsey*. Although our appellate court has not decided whether "§ 3582(c)(2) permits a claim based on the FSA itself as opposed to its related Guidelines amendments," it has suggested that "the language [of "§ 3582(c)(2)] contemplates only certain challenges based on amendments to the Guidelines, not on legislation." *U.S. v. Crute*, 484 Fed. Appx. 690, 691 n.3 (3d Cir. 2012). This is consistent with the view adopted by other courts of appeals, which have held that "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) reduction . . . ." *U.S. v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). A § 3582(c)(2) motion is, therefore, not the appropriate vehicle through which to seek a reduction in sentence under the FSA.

Assuming *arguendo* that Defendant could raise his FSA argument in a § 3582(c)(2) motion, he would nevertheless not be entitled to relief. The Government correctly points out that although 21 U.S.C. § 841(b)(1)(C) generally provides a statutory maximum of 20 years, the maximum penalty is increased to 30 years for a defendant with "a prior conviction for a felony drug offense . . . ." 21 U.S.C. § 841(b)(1)(C). At the time of sentencing, Defendant had a prior felony conviction for possession with intent to deliver a controlled substance, and was thus subject to the alternative 30-year maximum term. Under the career offender guidelines, a statutory maximum of 30 years corresponds with an offense level of 34 – the very same offense level that was used by the Court in determining Defendant's sentence. Thus, enactment of the FSA had no effect on the Guidelines range used in this case, and there is no basis for affording Defendant a reduction in sentence.

## Conclusion

For the reasons hereinabove set forth, Defendant's motion will be denied.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) |
| v. | ) 02:09-cr-0246 |
| **FREDDIE LAMONT CLECKLEY** | )<br>)<br>)<br>) |

## ORDER OF THE COURT

AND NOW, this 29th day of August, 2013, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendant's MOTION FOR REDUCTION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(C)(2) AND DORSEY V. UNITED STATES, 132 S. CT. 2321 (2012) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  **Freddie Lamont Cleckley**
30593-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505
PRO SE

**Troy Rivetti, Esq.**
Email: Troy.Rivetti@usdoj.gov